**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARON COLE<br><br>Plaintiff,<br><br>v.<br><br>KINGSMEN PREMIUM, LLC<br><br>Defendant | Case No. 25-cv-10905<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Haron Cole is a visually-impaired person who attempted to purchase beard care products on Defendant Kingsmen Premium's website. [1] at ¶¶ 2, 10. Cole alleges that Defendant violated the Americans with Disabilities Act ("ADA") where Defendant's website was inaccessible to visually-impaired customers. *Id.* at ¶ 4. Cole asks the Court to enjoin Defendant from continuing to operate an inaccessible website, and also seeks compensatory damages for having been subjected to unlawful discrimination. *Id.* at ¶ 11. Before the Court is Defendant's motion to dismiss under Rule 12(b)(1). For the reasons stated herein, Defendant's motion to dismiss is granted.

### I. Background

The following factual allegations taken from the complaint are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Cole is a visually-impaired person who utilizes screen-reading software to access website content. [1] at ¶ 11. Defendant operates a website that

1

sells men's grooming products. *Id.* at ¶ 29. On July 15, 2025, Cole intended to purchase a beard care kit on Defendant's website, but was unable to use his screen-reading software to navigate the web page and make a purchase. *Id.* at ¶¶ 35, 39. Cole filed his complaint on September 10, 2025, alleging nationwide class allegations. In the three-count complaint Cole alleges Defendant, in owning and operating a website that is inaccessible to visually-impaired persons, violated Title III of the ADA and subjected Cole to unlawful discrimination. *Id.* at ¶ 67. Cole seeks injunctive and declaratory relief, damages, and attorney's fees, costs, and expenses. *Id.* at ¶¶ 69, 73 (Counts I and II). Cole also alleges the negligent infliction of emotional distress, a state law claim, on a class wide basis. *Id.* at ¶ 77 (Count III).

Defendant moves to dismiss Cole's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and argues that Cole lacks standing to bring this case. [14] at 1.[1]

## II. Standard

Rule 12(b)(1) allows for the dismissal of complaints over which a court may not exercise subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Standing is an element of subject-matter jurisdiction in a federal civil action" and requires a plaintiff to show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

---

[1] Defendant also moves to dismiss the complaint on the grounds that Plaintiff's claims are now moot where it "has made changes to the website . . . that make it fully accessible and usable to the visually impaired." [14] at 1-2. The Court commends Defendant for its efforts to make the website accessible to those who are visually impaired. However, the Court decides this motion on the pleadings alone.

favorable judicial decision." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018).

Cole alleges that Defendant is a private entity whose website is a place of public accommodation within the terms defined under Title III of the ADA. [1] at ¶ 21. 42 U.S.C. § 12188 establishes a remedial scheme for the enforcement of Title III of the ADA by incorporating the remedies available under Title II of the Civil Rights Act of 1964. In turn, the applicable enforcement provision, 42 U.S.C. § 2000a-3(a), states that a "person aggrieved" may institute "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." By the terms of that provision, Cole may not seek money damages. *See Morales v. New York*, 22 F.Supp 3d 256, 267 (S.D.N.Y. 2014) ("monetary damages under Title III of the Americans with Disabilities Act are not allowable as a matter of law"). As such, the Court focuses its standing analysis on Cole's request for injunctive relief under the ADA.

To "adequately allege standing for injunctive relief under the ADA, the plaintiff must allege (1) a past injury under the ADA, (2) a reasonable probability that this discriminatory treatment will continue, and (3) based on the plaintiff's frequency of past visits and proximity to the place of public accommodation, that they intend to return to the place in the future." *Cohan v. Kohl's, Inc.*, 2024 WL 3834141, at *2 (N.D. Ill. Aug. 15, 2024). However, "proximity is not probative of actual injury in website cases because everyone's computer is proximate." *Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023). Thus, in "the virtual world,

3

the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023).

### III. Analysis

Cole alleges that he visited Defendant's website once in July of 2025 and was unable to complete a purchase. [1] at ¶ 39. Cole states that he "will visit [Defendant's] website again immediately upon Defendant correcting the numerous accessibility barriers on it." *Id.* at ¶ 40. Cole insists he "still wants to purchase a beard care kit on the website," because Defendant "offers premium grooming essentials that combine practicality with appealing fragrances." *Id.* Cole describes the beard care kit as "the perfect choice for his personal grooming needs," because it "include[s] tools to clean, hydrate, soften, and style a beard." *Id.* at ¶ 39.

These allegations fail to establish standing for injunctive relief under the ADA because they do not sufficiently allege Cole's intent to return to Defendant's website. Conclusory statements of an intent to return are insufficient to allege a real and imminent threat of future injury. *See Cohan,* 2024 WL 3834141, at *2 ("the plaintiff must allege concrete plans to return, perhaps by pointing to ties to the area or other facts to support a plausible inference of return"). Beyond Cole's statement that he "will visit the website again," because "he would like to order products [ ] from Defendant's website," he fails to articulate concrete ties or facts that support his

4

interest in Defendant's products. Cole's allegations—that the website offers "an array of shaving creams, beard oils, and skincare products" with "appealing fragrances"— are generic descriptors applicable to countless other websites that sell grooming products. *See Bennett v. Sweet Candy Company*, 2026 WL 1905954, at *2 (N.D. Ill. Jul. 2, 2026) (granting defendant's motion to dismiss for lack of standing where, to allege plaintiff's intent to return to defendant's website, complaint did nothing more than offer "generic descriptors applicable to many thousands of websites that sell candy"); *see also Winegard*, 674 F. Supp. 3d at 25 (granting defendant's motion to dismiss for lack of standing where the "definitiveness of plaintiff's 'intent to return' [was] indiscernible"); *Loadholt*, 2023 WL 2024792, at *2 (granting defendant's motion to dismiss for lack of standing, finding plaintiff's "boilerplate allegation" that he "would still like" to return to defendant's website to purchase clothes an insufficient allegation of an intent to return).

According to his complaint, Cole has visited the Defendant's website only once. [1] at ¶ 39. In the cases Cole relies upon to support his standing argument, [20] at 15, the plaintiffs had visited the relevant websites on more than one occasion and made more specific allegations about their desire to purchase the defendant's products. *See Chalas v. Barlean's Organic Oils, LLC*, 2022 WL 17156838 (E.D.N.Y. Nov. 22, 2022) (plaintiff visited defendant's website on three prior occasions to purchase a stomach repair supplement after learning that particular product could relieve her cousin's health issue, and specifically wanted to purchase from defendant who was named "the #1 Health Food Store Brand and Manufacturer of the Year"); *Davis v. Wild*

5

*Friends Foods, Inc.*, 2023 WL 4364465 (S.D.N.Y. Jul. 5, 2023) (plaintiff visited defendant's website on five prior occasions over five months in an attempt to purchase defendant's organic honey sunflower butter, which was considered a "distinctive product" due to its allergen-friendly nature); *Maddy v. Life Time, Inc.*, 2023 WL 4364488 (S.D.N.Y. Jul. 5, 2023) (plaintiff made "numerous attempts" to purchase body oil on defendant's website because "she ha[d] a hobby of collecting body lotions and oils from various brands" and defendant's website offered "a specific oil, the Morroccanoil Dry Body Oil, which is a high quality body lotion that [she] want[ed] to add to her collection"). Where Cole visited the website only once and offers little more than a general description of Defendant's products, he has not sufficiently alleged an intent to return to Defendant's website that would confer standing for injunctive relief under the ADA.

Finally, Defendant argues that Cole is a tester plaintiff who "has filed 37 identical complaints in 2025 [which] clearly undermines his contention that he is actually interested in purchasing a Beard Care Kit through the Website." [14] at 8. Importantly, "tester status does not deprive a plaintiff of standing." *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). In addition, it is not uncommon for people to use and attempt to access multiple websites a day—whether looking for information or to make a purchase. And, it is not implausible that many such websites are inaccessible to visually-impaired persons. Thus, the fact that Cole has filed similar lawsuits is not relevant to the question of standing. Nonetheless, to adequately allege standing for injunctive relief under the ADA, a complaint must

6

offer "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt*, 2023 WL 2024792, at *2. Here, the complaint contains no non-conclusory, factual allegations that would allow the Court plausibly to infer that Cole intends to return to Defendant's website.[2]

## IV.    Conclusion

For the reasons stated above, the Court finds that Plaintiff lacks standing. As such, Defendant's motion to dismiss [13] is granted. If Plaintiff believes he can amend his complaint to cure the deficiencies identified in the Court's ruling, Plaintiff may seek leave to file an amended complaint by August 24, 2026. Plaintiff's motion to file an amended complaint shall describe how the amended complaint cures these deficiencies.

E N T E R:

Dated: July 23, 2026

MARY M. ROWLAND
United States District Judge

---

[2] Since the Court finds lack of standing on the federal counts based on the ADA, the Court declines to exercise pendant jurisdiction over the negligent infliction of emotional distress count pursuant to 28 U.S.C. Sec 1367.